

PAUL G. CASSELL
RONALD N. BOYCE PRESIDENTIAL PROFESSOR
OF CRIMINAL LAW
VOICE: 801-585-5202
EMAIL: CASSELLP@LAW.UTAH.EDU

February 18, 2014

John Ley
Clerk of Court
United States Court of Appeals for the 11th Circuit
56 Forsyth St., N.W.
Atlanta, GA 30303

>    Re:   Jane Doe No. 1 and Jane Doe No. 2 v. U.S., Roy Black et al.
>          <u>Supplemental Authorities Pursuant to Fed. R. App. 28(j)</u>

Dear Mr. Ley:

I am writing to provide supplemental authority in support of Jane Doe No. 1 and Jane Doe No. 2's position.

As the Court is aware, the victims have filed a motion to dismiss appellant Jeffrey Epstein's appeal, arguing that this Court lacks jurisdiction in light of *Mohawk Industries, Inc. v. Carpenter*, 130 S. Ct. 599 (2009). The victims have explained that if the correspondence at issue is ultimately used against Epstein in crafting a remedy for any victims' rights violation, then Epstein could seek review at that time of the final judgment in this case. Victims' Br. at 47-48. The victims pointed out that Epstein had filed an (unopposed) motion for prospective intervention in the district court, asking for intervention concerning any remedy that the court might adopt for violations of victims' rights. Victims' Br. at 48-49.

On February 13, 2014, the district court granted Epstein's motion for intervention, holding that Epstein is "allowed to intervene with regard to any remedy issues concerning the non-prosecution agreement in this case." DE 246 at 1. A copy of that order is attached to this letter.

The district court's order supports the victims' arguments, because now the district court has specifically held that Epstein will be heard before it crafts any remedy. In light of the district court's order, Epstein should be covered by the standard prohibition against an interlocutory appeal and should be allowed an appeal as of right only at the final conclusion of the case. Of course, if this Court accepts the victims' position, Epstein would also remain free to try and have any privilege question "certified for interlocutory appellate review pursuant to 28 U.S.C. § 1292(b)"

(immediate appeal allowed where it would materially advance the ultimate termination of the litigation) or, "in the exceptional circumstances for which it was designed, a writ of mandamus from the court of appeals might be available." *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 378 n.13 (1981).

        Respectfully Submitted,

_____
Paul G. Cassell
S.J. Quinney College of Law at the
  University of Utah
332 S. 1400 E.
Salt Lake City, UT 84112
Telephone: 801-585-5202
Facsimile: 801-585-6833
E-Mail: cassellp@law.utah.edu

    and

Bradley J. Edwards
FARMER, JAFFE, WEISSING,
EDWARDS, FISTOS & LEHRMAN, P.L.
425 North Andrews Avenue, Suite 2
Fort Lauderdale, Florida 33301
Telephone (954) 524-2820
Facsimile (954) 524-2822
Florida Bar No.: 542075
E-mail: brad@pathtojustice.com

*Attorneys for Appellees Jane Doe No.*
  *1 and Jane Doe  No. 2*